IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| DAWN JACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. |
| vs. | ) | |
| | ) | |
| GC SERVICES L.P., | ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, DAWN JACK, by and through her attorney, M. LYNETTE HARTSELL, and her Complaint against the Defendant, GC SERVICES L.P., Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., the North Carolina Debt Collection Act ("NCDCA"), N.C. Gen. Stat. § 75-50, *et seq*., and the North Carolina Consumer Economic Protection Act ("NCCEPA"), N.C. Gen. Stat. § 58-70-90, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*., the NCDCA, N.C. Gen. Stat. § 75-50, *et seq*., and NCCEPA, N.C. Gen. Stat. § 58-70-90, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3.  Plaintiff is an individual who was at all relevant times residing in Leicester, North Carolina.

4.  Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and N.C. Gen. Stat. §§ 75-50(1) and 58-70-90(2), as she is a natural person allegedly obligated to pay a debt.

5.  At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and N.C. Gen. Stat. § 75-50(3), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff to the U.S. Department of Education. In so doing, Defendant also acted as a "collection agency" within the meaning of N.C. Gen. Stat. § 58-70-90(1).

6.  On information and belief, Defendant is a limited partnership of the State of Texas, which is licensed to do business in North Carolina and which has its principal place of business in Houston, Texas.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7.  On or about June 11, 2009, Plaintiff began receiving numerous harassing telephone calls from representatives of the Defendant, including but not limited to Haylee (last name unknown), Dawn Marie (last name unknown), Heather (last name unknown), Mr. Harp (first name unknown) and Mike McBee, who were attempting to collect the aforementioned alleged debt. These calls were made by Defendants representatives in high volumes and were placed to Plaintiff's home, cellular, and work telephone numbers on a continuing basis. For example, during the three-week period following June 11, 2009, Plaintiff received an average of two to three calls per day on her cellular phone number.

8. On several occasions, Plaintiff requested that Defendant's representatives not contact her at her work phone number, as personal calls were not allowed to be received on that line. Defendant's representatives continued placing calls to Plaintiff at that phone number despite her repeated requests that they not do so.

9. On or about June 11, 2009, during a phone conversation between Plaintiff and Haylee, Dawn Marie came on the line and interrupted the conversation. Dawn Marie accused Plaintiff of lying and threatened Plaintiff that she would "take [her] down."

10. On or about June 16, 2009, Plaintiff spoke by telephone with Mike McBee. During that conversation, Mr. McBee told Plaintiff that she had 30 days to pay the alleged debt in full of she would have to "go to court."

11. On or about June 22, 2009, Haylee placed a telephone call to Plaintiff and then transferred the call to Dawn Marie. Dawn Marie inquired as to whether Plaintiff owned a business called New Beginnings Christian Fellowship. Even though Plaintiff explained that the organization was a church and she did not own any such business, Dawn Marie threatened to garnish Plaintiff's wages, and if that was not be successful, to garnish her husband's wages and/or to "come after [their] house."

12. Further, beginning on or about June 30, 2009, Defendant's representatives began placing telephone calls to Plaintiff's friends and family, including but not limited to Plaintiff's sister-in-law, Sandy Wingert; Plaintiff's sisters, Kim O'Donnell and Lindsey Herron; Plaintiff's parents; Plaintiff's husband's parents; and Plaintiff's neighbor, Sheldon. During many of the conversations with these various third parties, Defendant's representatives disclosed the identity of the Defendant company without having been asked to do so and/or disclosed that Plaintiff owed an alleged debt.

13. Plaintiff explained to Defendant's representatives numerous times, both during telephone conversations and in written correspondence, that it was her understanding that the alleged debt had been discharged in her bankruptcy case, which was concluded on or about March 4, 2005.

14. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Identifying the name of Defendant's company while communicating with a person other than Plaintiff without having been expressly requested to do so, in violation of 15 U.S.C. § 1692b(1);

    b. Communicating with a person other than Plaintiff and stating to such person that Plaintiff owes an alleged debt, in violation of 15 U.S.C. § 1692b(2);

    c. Communicating with a person other than Plaintiff more than once in connection with the collection of the alleged debt, in violation of 15 U.S.C. § 1692b(3);

    d. Communicating with someone other than Plaintiff in connection with the collection of the alleged debt, in violation of 15 U.S.C. § 1692c(b);

    e. Communicating with Plaintiff at her place of employment after she advised you that her employer prohibited her from receiving such phone calls while he or she is working, in violation of 15 U.S.C. § 1692c(a)(3);

    f. Using obscene or profane language and/or language the natural consequence of which was to abuse Plaintiff, in violation of 15 U.S.C. § 1692d(2);

g. Causing a telephone to ring and/or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass her, in violation of 15 U.S.C. § 1692d(5);

h. Falsely representing the character, amount and/or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

i. Representing or implying that nonpayment of the alleged debt will result in seizure, garnishment, attachment and/or sale of Plaintiff's property or wages where such action was unlawful and/or Defendant did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

j. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

k. Using false, deceptive or misleading representations or means in connection with the collection of the alleged debt, in violation of 15 U.S.C. § 1692e; and

l. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

15. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, DAWN JACK, respectfully prays for a judgment against Defendant as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000 for each violation of the FDCPA;

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

d. Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the North Carolina Debt Collection Act)

16. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

17. In its attempts to collect the aforementioned alleged debt, Defendant violated the NCDCA in one or more of the following ways:

   a. Identifying the name of Defendant's company while communicating with a person other than the consumer without having been expressly requested to do so, in violation of N.C. Gen. Stat. § 75-53;

   b. Communicating with a person other than Plaintiff and stating to such person that Plaintiff owes an alleged debt, in violation of N.C. Gen. Stat. § 75-53(1);

   c. Communicating with a person other than Plaintiff more than once in connection with the collection of the alleged debt, in violation of N.C. Gen. Stat. § 75-53(1);

   d. Communicating with someone other than Plaintiff in connection with the collection of the alleged debt, in violation of N.C. Gen. Stat. § 75-53(1);

   e. Communicating with Plaintiff at her place of employment after she advised you that her employer prohibited her from receiving such phone

calls while he or she is working, in violation of N.C. Gen. Stat. § 75-52(3) and (4);

f. Using obscene or profane language and/or language the natural consequence of which was to abuse Plaintiff, in violation of N.C. Gen. Stat. § 75-52(1);

g. Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass her, in violation of N.C. Gen. Stat. § 75-52(3);

h. Falsely representing the character, amount and/or legal status of the debt, in violation of N.C. Gen. Stat. § 75-54(4);

i. Representing or implying that nonpayment of the alleged debt will result the seizure, garnishment, attachment and/or sale of her property or wages where such action was unlawful and/or Defendant did not intend to take such action, in violation of N.C. Gen. Stat. § 75-51;

j. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of N.C. Gen. Stat. § 75-51(8);

k. Using false, deceptive or misleading representations or means in connection with the collection of the alleged debt, in violation of N.C. Gen. Stat. § 75-54; and

l. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the NCDCA.

18. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continue to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

7
Case 1:09-cv-00434-MR-DLH   Document 1   Filed 12/02/09   Page 7 of 10

WHEREFORE, Plaintiff, DAWN JACK, respectfully prays for judgment against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c. Any other relief deemed appropriate by this Honorable Court.

## COUNT III

(Violation of the North Carolina Consumer Economic Protection Act)

19. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

20. In its attempts to collect the aforementioned alleged debt, Defendant violated the NCCEPA in one or more of the following ways:

    a. Communicating with someone other than Plaintiff in connection with the collection of the alleged debt, in violation of N.C. Gen. Stat. § 58-70-105(1);

    b. Communicating with Plaintiff at her place of employment after she advised you that her employer prohibited her from receiving such phone calls while he or she is working, in violation of N.C. Gen. Stat. § 58-70-100(4);

    c. Using obscene or profane language and/or language the natural consequence of which was to abuse Plaintiff, in violation of N.C. Gen. Stat. § 58-70-100(2);

d. Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass her, in violation of N.C. Gen. Stat. § 58-70-100(3);

e. Falsely representing the character, amount and/or legal status of the debt, in violation of N.C. Gen. Stat. § 58-70-110(4);

f. Representing or implying that nonpayment of the alleged debt will result the seizure, garnishment, attachment and/or sale of her property or wages where such action was unlawful and/or Defendant did not intend to take such action, in violation of N.C. Gen. Stat. § 58-70-95(6);

g. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of N.C. Gen. Stat. § 58-70-95(7);

h. Using false, deceptive or misleading representations or means in connection with the collection of the alleged debt, in violation of N.C. Gen. Stat. § 58-70-110; and

i. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the NCCEPA.

WHEREFORE, Plaintiff, DAWN JACK, respectfully prays for a judgment against Defendant as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $4,000 for each violation of the NCCEPA;

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

d. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ M. Lynette Hartsell
M. Lynette Hartsell (9845)
Attorney for Plaintiff
1010 Lakeview Drive
Cedar Grove, NC 27231
(888) 595-9111, ext. 713 (phone)
(866) 382-0092 (facsimile)
Lynette@LuxenburgLevin.com