**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09cv434**

| | |
|---|---|
| **DAWN JACK,** )<br> )<br> **Plaintiff,** )<br> )<br>Vs. )<br> )<br>**GC SERVICES L.P.,** )<br> )<br> **Defendant.** )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the court on plaintiff's "Notice of Dismissal" (#15). On march 5, 2010, the parties notified the court that this action had settled, and the Clerk of this Court therein after directed that

> Agreement for entry of judgment or a stipulation of dismissal to be filed within 30 days or the court will dismiss the case with prejudice. Case Settlement Deadline 4/7/2010.

Docket Entry #14. In the Notice of Dismissal, however, plaintiff purports to unilaterally dismiss (after joinder) this action with prejudice, and asks that the court retain jurisdiction to enforce a settlement agreement.

Plaintiff has made two errors: first, plaintiff cannot unilaterally file a Notice of Dismissal after issues have been joined:

> **(1) By the Plaintiff.**
> **(A) Without a Court Order.** Subject to Rules 23(e), 23.1(c), 23.2 and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
>> (i) a notice of dismissal before the opposing party serves either an answer or a motion for

-1-

> summary judgment; or
> (ii) a stipulation of dismissal signed by all parties who have appeared.

Fed.R.Civ.P. 41(a)(1)(A). The only way to dismiss an action after joinder is through a stipulation of dismissal signed by all counsel of record or by filing a motion seeking such relief.

The second problem is that plaintiff asks the court to exercise jurisdiction to enforce a settlement agreement after the action is dismissed. The court was not party to that agreement and the parties have not sought to reduce such agreement to a judgment. After this action is dismissed, the court has absolutely no jurisdiction to enforce any agreement that is not reduced to a *judgment*. See Fed.R.Civ.P. 54 *et seq*. If the terms of such a settlement agreement are breached, the non-breaching party would have a cause of action in contract, which may or may not be enforceable in this court through an exercise of diversity jurisdiction in a separate case. The federal question jurisdiction invoked in this matter would be irrelevant.

The court will, therefore, strike the Notice of Dismissal as being filed contrary to Rule 41 as well as the rules governing entry and enforcement of judgments. Counsel for plaintiff is advised that the deadline for bringing this action to an end remains April 7, 2010.

## ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff's "Notice of Dismissal" (#15) is **STRICKEN**.

Signed: March 31, 2010

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge